LEIGH M. CLARK, Retired Circuit Judge.
The trial court rendered four judgments of conviction and sentence, one in each of four separate and distinct cases, wherein appellant-defendant pleaded guilty in each *842 ease to theft of property in the second degree, a Class C felony, and was sentenced to imprisonment in each case for a term of two years. The cases were treated by all concerned as consolidated in the trial court, and they are treated likewise on appeal.
The issues presented by appellant are thus stated in appellant’s brief:
“I. Whether or not the trial court erred in overruling Appellant’s Motion for a Psychiatric Examination.
“II. Whether or not the pleas of guilty were intelligently and voluntarily made?
“HI. Whether or not the trial court should have allowed Appellant the opportunity to withdraw his plea of guilty?”
Each contention of appellant is based largely upon the further contention that, during some of the time the cases were pending in the trial court, defendant was mentally deficient.
The indictment in each of the cases was returned on February 16, 1983, and defendant was arrested on March 28, 1983, and committed to jail. The record does not conclusively reveal that defendant did, or did not, make bond for his release, but it indicates that he did not. On March 29, 1983, defendant was brought before one of the judges of the Circuit Court of Houston County, to whom defendant made known that he was “financially unable to employ counsel to represent him,” and the court appointed an attorney to represent him in each of the cases, the same attorney in each case, and set the cases for trial “during the April, 1983, Term of Court.” On April 12, 1983, defendant’s attorney filed a “MOTION FOR PSYCHIATRIC EXAMINATION,” which was set for hearing on April 21, 1983, on which date the motion was denied.
On April 28, 1983, defendant’s then appointed attorney filed a written motion to continue the cases and filed said attorney’s affidavit in support of the motion, which concludes as follows:
“A plea bargain offer has been made in the present cause. I attempted to intelligently discuss the plea offer and the facts underlying the charges against Mr. Lolley. The Defendant was unable to remember or recount the facts underlying the charges. As a practicing attorney, I cannot see how I can effectively assist Mr. Lolley in his defense when he has an insufficient recollection of the facts and events surrounding the charges filed against him. In addition, he does not appear to be understanding what I am telling him. Further, when first appointed to represent him he could tell me little. He seems to be more confident now than he was at his arraignment, but there is doubt in my mind about his competency to stand trial and/or enter a knowing, intelligent plea to the charges.
“I have been informed that a confession was obtained and there is doubt in my mind as to whether the Defendant’s drug addiction allowed a knowing and intelligent waiver of his Miranda rights.
“For all of the above reasons, I respectfully request a continuance until the Defendant has been examined by a psychiatric expert to lay to rest or confirm any of those questions.”
On April 16, 1983, the motion to continue was denied, and on the following day, according to the trial judge’s bench notes, defendant’s previously appointed attorney was “removed as atty for deft.” Another attorney was appointed, who continued to represent defendant until after the judgments of conviction and sentence on defendant’s pleas of guilty.
On May 19, 1983, defendant’s attorney filed a “MOTION FOR PRETRIAL DETERMINATION OF COMPETENCY.” This motion was apparently never ruled upon by the court. On May 26, 1983, the defendant, in the presence of his then attorney, entered a plea of guilty in each case, which plea was accepted by the court, and the judgment of conviction and sentence was rendered thereon, after considerable colloquy as to the voluntariness of the plea and defendant’s knowledge and waiver of pertinent constitutional rights.
*843 On June 8, 1983, defendant filed the following pro se motion:
“Motion to Withdraw Plea of Guilt.
“Comes now the defendant, William Lamar Lolley, and respectfully requests that the Court grant a hearing on the following motion on these grounds.
“(1) That the defendant was coerced into a plea of guilt.
“(2) That the defendant was uneffec-tively represented by counsel.
“(3) That the defendant was not mentally competent at the time of his plea of guilt.
“(4) That the defendant was prompted in to his plea of guilt.”
The “Motion to Withdraw Plea of Guilty” was overruled on June 8, 1983, and on the same day defendant filed a pro se notice of appeal, in which he alleged that he was indigent and requested the appointment of an attorney to handle his appeal. In accordance therewith, the trial court rendered a comprehensive order in which a third attorney was appointed to represent the appellant-defendant, at no expense to appellant, and the Clerk of the Circuit Court and the court reporter were ordered to furnish a record and a transcript of the proceedings without any expense to appellant.
The case was submitted on briefs of attorneys for the parties on September 8, 1983. They have done well in representing their respective clients and in aiding us to reach a just solution of the issues presented, which rival in their intricacies the Forty-seventh Problem of Euclid, which lexicons carry as the Pythagorean proposition.[1]
One of the features of the proceedings in the trial court that puzzles us the most is the off and on status of an attorney-client relationship, existing as to the appointed attorneys during the pendency of the cases in the trial court, and the interspersed representation by defendant of himself. To what extent any subnormal mentality of defendant may have contributed to such a status, we do not know, but basis for some conjecture along this line is probably to be found in the position taken by his first appointed attorney, as made known by said attorney to the court, on the hearing of the motion for a sanity examination, as well as the rather profuse, documented information in the record proper, or the transcript, as to the history of defendant’s mental problems in connection with his use of, and attempted withdrawal from, drugs. It appears that when his first appointed counsel ceased representing defendant, and another attorney had been appointed to represent defendant, the defendant and his second attorney thought the plea bargaining arrangement would be for the best interest of defendant. There does not seem to be any contention that the judgments entered upon the pleas of guilty in the cases were out of harmony with any understanding between the parties. However, it is to be noted that the proceeding on the plea of guilty in each case was only one week after defendant’s attorney filed a motion for “pretrial determination of competence,” alleging that defendant had “a history of mental problems and has been seen by local mental health professionals for several years prior to his arrest in this cause.” It does not appear that said motion was ever called to the attention of the court. It appears that there was no ruling on the motion.
Defendant’s second attorney may have justifiably thought that his services were at an end in the cases when defendant’s pleas of guilty were accepted and the adjudications of guilt were entered and the sentences imposed, on May 26, 1983. Said attorney did not appear in the cases thereafter. He probably was not cognizant for some time of either the pro se action by defendant in moving to “Withdraw Plea of Guilt” or the pro se notice of appeal filed by defendant in each of the cases on June 8, 1983.
The appellant’s attorney, the third attorney appointed for defendant-appellant before the cases actually left the trial court, has proceeded in due course without any *844 pro se interspersion, to a submission of the four consolidated cases on briefs of parties.
When the trial court determined that the pleas of guilty were voluntarily, understandingly and intelligently made, there was little emphasis placed by either party on the question whether defendant was of normal intelligence. The record before us discloses that his mental status was better at one or more appearances in court than at another or others.
The items of the variegated material we have, when considered all together, lead us to the view that had the previous mental problems of the defendant been fully and timely made known to the trial court, it would have considered more acutely and comprehensively the question of whether his pleas of guilty should be accepted. The fact that his mental state changed from time to time leads us to the further view that before we take action as to whether the judgments of the trial court should be reversed, we should remand the cases with directions that another hearing be conducted to determine whether at the time of the trial court’s acceptance of defendant’s pleas of guilty, his mental condition was such that he voluntarily, intelligently and understandingly pleaded guilty, and that each of the parties will be given an opportunity to present any evidence available of a legally admissible nature on the subject. The trial court shall make due return to the order of remandment with notice to each of the parties. Either party aggrieved thereby will have fourteen days within which to file a brief, and the opposing party will have fourteen days thereafter within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur, except SAM TAYLOR, J., who dissents.

. Webster’s New International Dictionary (2nd ed. p. 2027)